*Common Pleas of Juniata County.*

## CAUFFMAN vs. BAIRD.

In action on the case in which the plaintiff declared for both breach of warranty and deceit, and a verdict for less than $100 was recovered, such verdict would carry costs.

Rule to show cause why judgment should not be entered without costs.

Opinion by JUNKIN, P. J.

This was an action on the case, the declaration containing several counts, some for a breach of fraudulent warranty of soundness and fitness on a sale of a horse, and some in deceit in representing both soundness and fitness, with *scienter*, and on trial plaintiff recovered as damages less than $100, and the question is, does the verdict carry costs? That depends on whether a justice of the peace had jurisdiction of the cause of action. That he had of the simple breach of warranty is undoubted, but certainly not of deceit, for that is a tort. Then the question must turn on the right of the plaintiff to combine in the same action and declaration a claim for a breach of a contract, with one for fraudulent representations amounting to deceit. If he can do this and gain thereby more than by the simple action of assumpsit, the only form of demand cognizable before a justice, then he should be permitted to select his forum without loss. It is really interesting to point out the anomalous character of this action. Notwithstanding the general rule that a suit in tort cannot be based upon contract, it is settled by Williamson *v.* Allison, 2 East. 446; Jones *v.* Bright, 5 Bingham 533; Brown *v.* Edgington, 2 M. & G. 279; Schuhardt *v.* Allen, 1 Wallace 359, and our own case of Vanleer *v.* Earle, 2 Casey 277, that an action on the case lies for a breach of a warranty, without evidence of fraud or misrepresentation on the part of defendant. It is even commended for its advantage, because, if the plaintiff proves a warranty, and fails to show fraud, he may recover, because, after all the gist of the action is contract, and the allegation of fraud mere surplusage or aggravation, and if he fails in establishing the warranty, but succeeds in proving wilful misrepresentation, he gains his cause on that

ground.    It seems to involve a  two-fold operation, a sort
of legal revolver, which gives the plaintiff two shots instead
of one—in a measure, raking the field with grape and can-
ister.    In comparison with the action of assumpsit, it is as
superior as the needle gun over the old flint lock.    But  it
is a form of action well supported by authority, as may be
seen in the 1st volume of Smith's Leading Cases (Hare *v.*
Wallace) pages 325 and 326, and the eulogistic opinion  of
our  own Supreme Court, in its favor· in Vanleer *v.* Earle,
2 Casey 277.

Now, whilst a justice of the peace could have dealt with
the contract feature of this agreement in assumpsit, he could
have done nothing with  the allegation of deceit; in  short,
one-half of the controversy was beyond his jurisdiction, and
if the plaintiff was compelled or risk his costs, to sue before
a justice, it would, in effect, place him in the field at a dis-
advantage, for, instead of bringing his whole force  into  ac-
tion, one-half thereof would be unemployed, which, in any
contest, is a serious loss.    It is thus perceived that the jus-
tice's forum would be too contracted for this contest; the
battle would be only one-half fought, which is against  the
policy of the law.    The law delights in thorough and de-
cisive work, inviting each side to do its best, and never per-
.mits two battles where one  will end  the controversy.    It
follows, thus, that plaintiff having the right to sue in case,
and try both warranty and  the fraud in the same action,
could, and was compelled to bring  his action in the only
court capable of dealing with the case as a whole, and hence
recovers costs.—*Schuylkill Leg.  Record.*

## NOTES OF RECENT  DECISIONS  IN  SUPREME
## COURT  OF  PENNSYLVANIA.

A devise to trustees to pay and  divide  income amongst
·testator's children in equal shares, and  upon the death of
each child·to pay the principal represented by his share of
income to his children, if of full age, and if minors  to  pay

the income during minority and the principal upon their attaining twenty-one, creates a vested interest in the grand-children. Unless a will contains an imperative direction to sell, irrespective of contingencies and independent of discretion, conversion of real estate devised to trustees with power of sale, will not take place until the sale is actually made.   A. devised and bequeathed all of his estate to trustees *inter alia,* to pay the income in equal shares amongst his eight children, and from time to time as any one of them should " die leaving lawful issue, such issue, if under lawful age, shall be entitled to receive the interest and income of their parents' share equally among them, if one, solely, and if more than one, in equal parts; and as they severally attain such lawful age, they are to receive and be paid their share and portion of the principal or capital fund of which their parent had received the interest, income,    *   *   and those of any said children leaving lawful issue of lawful age, such issue shall receive and be paid the said principal or capital fund.  *   *   * But in case any of my said children should die without leaving such lawful issue, then and in that case the share and part of such child so dying, as well the real as the personal estate, shall lapse and fall back into my es-tate.   *   *   And in order to enable my said trustee to pay off and settle any of the shares and portions of my es-tate which may from time to time become due and paya-ble on the decease of any of my said children, it shall and may be lawful for them, my said trustees, to take any of the unappropriated funds of my said estate, or to sell any of my real estate for such purposes, and in order to arrive at the value of any such share at the time of the decease of any such child or children, it shall be lawful for the said trustees, or the survivors or survivor of them, with the child or children if of full age, and the next friend or guardian of such as may be under age, mutually to choose a judicious and disinterested citizen, and these citizens, if an even number, to choose another,   *   *   who upon being duly qualified shall ascertain the value of such share or portion,   *   *   and a due record thereof made or being

confirmed by said Court, any of my said children shall be at liberty to take the same at such valuation, * * and if none of them will accept thereof, * * then and in such case the same shall be sold by my said trustees, * * and with such funds to pay and satisfy the person entitled to such share, his or her portion thereof." One of the testator's sons died intestate, leaving a daughter who subsequently died a minor:

*Held*, That her interest was vested.

*Held* also, That there was here no equitable conversion of the real estate, and that her portion descended to her heir.—*Peterson's Estate.*

---

Clear and precise parol testimony of what occurred at the execution of a written instrument, is always admissible to contradict, vary, or even avoid that instrument, where it is proved that but for the oral stipulation it would not have been executed; excepting only in the case of negotiable paper. A. executed his bond and mortgage to B. who assigned it to C.; C. subsequently died; in suit brought by B. to the use of C.'s administrators against A.:

*Held*, That parol testimony was admissible to prove that the bond and mortgage had been executed on the understanding that there would be no personal liability.

*Held*, however, further, that the suit being in reality by an administrator, A. was incompetent to testify.—*Hoopes vs. Beale.*

---

Although the contingency be not expressly provided for by Act of Assembly, it is clearly within the spirit of the Act that, when a tie vote is returned, either party may contest. In the event of a tie vote, and contest by one candidate the proceedings are against, and notice thereof is to be given to the other candidate. The incumbent holding over, although indirectly interested, is in no wise a party to the contest.—*Erdman vs. Barret.*